IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY JOSHUA FLAGG      :

v.      :      Civil Action No. WDQ-12-3106

HOWARD COUNTY GOVERNMENT      :

MEMORANDUM

On October 22, 2012, Jeffrey Flagg filed this civil complaint pursuant to 42 U.S.C. § 1983, seeking money damages against his court-appointed attorney and others involved in the criminal proceeding pending against him in the Circuit Court for Howard County.[1] ECF No. 1. Plaintiff shall be granted leave to file in forma pauperis.

Flagg seeks monetary relief for alleged violations of Constitutional rights pertaining to his arrest and prosecution and injunctive relief mandating his trial be continued so he can obtain new counsel. His claims are premature and barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a plaintiff cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to include actions where the plaintiff seeks injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v.*

---

[1] Flagg is no stranger to the Howard County criminal courts. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.
  In the matter at issue here, he is on bail awaiting trial on charges of second-degree assault. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=13K12052756&loc=62&detailLoc=K.

*Stalder*, 154 F.3d 186, 189-90 (5th Cir.1998) (claim for injunctive relief intertwined with request for damages). Should Plaintiff be acquitted or the pending charges dismissed, he may refile this action concerning the allegedly illegal arrest and prosecution.

For these reasons, the instant action shall be dismissed without prejudice. A separate order follows.

October 24, 2012.

_____
William D. Quarles, Jr.
United States District Judge